KENNETH R. ALLISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allison v. Commissioner
Docket No. 41355-86.
United States Tax Court
T.C. Memo 1987-619; 1987 Tax Ct. Memo LEXIS 664; 54 T.C.M. (CCH) 1378; T.C.M. (RIA) 87619; December 28, 1987. Kenneth R. Allison, pro se. David W. Johnson, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: In his statutory notice dated July 23, 1986, respondent determined deficiencies *665 and additions to tax for 1981 and 1982 as follows: Additions to Tax, I.R.C. 1954
Year
Deficiency
§ 6653(a)(a)
§ 6653(a)(2)
§ 6651(a)
1981
$ 2,155  $ 107.75
*
$ 400
1982
3,682  184.10 ** -0-
By amended answer respondent seeks an increased deficiency for 1982 of $ 837 and corresponding increased additions to tax pursuant to sections 6653(a)(1) [1] and 6653(a)(2). In addition, respondent asserts for the first time an addition to tax for 1982 under section 6651(a) in the amount of $ 983.37. The issues for decision are whether petitioner had unreported income in the amounts determined by respondent, whether he is liable for the taxes and additions determined, and whether assessment and collection of these amounts is barred by the statute of limitations. FINDINGS OF FACT By our order of November 3, 1987, the facts *666 and evidence set forth in respondent's proposed stipulation of facts were deemed established for purposes of this case pursuant to Rule 91(f)(3). The findings herein are based on the stipulated facts and exhibits. When petitioner filed the petition in this case, he resided in LaPorte, Texas. Petitioner did not file individual income tax returns for the taxable years 1981 or 1982. In 1981 petitioner received wages of $ 14,378.76 from Amcon Crane & Rigging, Inc. In 1982 petitioner received wages totaling $ 23,459.69 as follows: Employer
Amount
Amcon Crane & Rigging, Inc.
$  2,675.99
Williams of Georgia, Inc.
11,587.52
W. S. Bellows Construction Corp.
4,019.16
Stanley Structures, Inc.
4,216.72
Labor Life Insurance Co.
960.30
In 1982 and 1982 petitioner filed Forms W-4 with his employers in which he falsely claimed to be exempt from Federal withholding taxes. Petitioner filed an income tax return for 1980. OPINION At trial, petitioner did not take exception to any of respondent's allegations concerning the amount of his wages or the fact that he had failed to file income tax returns for the years 1981 and 1982. Although given the opportunity, *667 petitioner did not claim he was entitled to any additional deductions or personal exemptions. He relied on a written trial brief which the Court permitted him to file at trial. The gist of petitioner's argument is that he was not required to file tax returns because he is not a "'person' liable for filing income tax returns" and that petitioner's wages were not "income" for Federal tax purposes. Alternatively, petitioner asked the Court to find that he is not liable for the additions to tax under section 6653 because he has not "willfully" neglected any regulation or obligation. Similarly, he contends he is not liable for the addition to tax under section 6651(a) because his failure to file is due to reasonable cause and not due to willful neglect. Petitioner struck us as an intelligent person. The pleadings and briefs filed in this case are well written. However, petitioner cannot make a silk purse out of a sow's ear. Although his brief does not appear to be the standard protester-type mimeographed tract which we see so often in this Court, the underlying arguments are the same. They have been unambiguously rejected time and time again by this Court, the circuit courts' *668 of appeal, and the United States Supreme Court. See Rowlee v. Commissioner,80 T.C. 111 (1983), and cases cited therein. Furthermore, we reject petitioner's contentions that his conduct was reasonable and not willful. Petitioner was aware of his obligation to file, as shown by his filing of a proper return in 1980. He acknowledged in his trial brief that "petitioner is aware that the Court has rejected conclusions similar to his own in the other cases." We uphold the imposition of the additions to tax determined by respondent. Petitioner alleged in his petition that the statute of limitations bars respondent from assessing taxes, penalties, and interest in his case. Petitioner did not file income tax returns for 1981 and 1982. Therefore, the statute of limitations does not bar assessment of taxes by respondent. Section 6501(c)(3). Finally, we consider on our own motion whether damages should be imposed against petitioner under section 6673 for raising dilatory or groundless claims. As we said in a similar case, "Petitioner was articulate in the argument he presented to the Court. But he is yet another tax protester who has no legitimate dispute with respondent's *669 determinations but instead attempts to use this Court as a forum to avoid the payment of the Federal income tax, or as a playground on which to play ill-conceived games of sophism with the Court." [2] Petitioner never seriously contested respondent's substantive allegations concernings his failure to file and the amount of his wages. He did not claim any error by respondent in computations, nor did he claim entitlement to any additional deductions, credits, or exemptions. Petitioner refused to stipulate facts with respondent, as required by Rule 91 and the Court's Standing Pre-Trial Order served June 24, 1987, thus requiring respondent to file a motion for order to show cause and requiring this Court to respond to that motion. Petitioner did not respond to our November 3, 1987, order to show cause. Further, petitioner's lack of cooperation forced respondent to file a motion to compel responses to interrogatories and to compel production of documents, which the Court was compelled to consider and on which we issued an order October 29, 1987 -- an order which petitioner also ignored. Because of petitioner's refusal *670 to obey an order respondent was forced to place four witnesses under subpoena, an inconvenience not only to respondent but to the subpoenaed witnesses as well. On the basis of this record, we conclude that the proceedings herein were instituted primarily for delay and that petitioner's position is frivolous and groundless. On our own motion, accordingly, we award damages to the United States under section 6673 in the amount of $ 3,000. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
*. 50% of interest due on $ 1,600.02 ** 50% of interest due on $ 3,096.49. ↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. Page v. Commissioner,T.C. Memo. 1986-45↩.